IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NY NOURN,<br><br>             Petitioner,<br><br>vs.<br><br>M. LATTIMORE,<br><br>             Respondent.<br>_____ / | 1:09-cv-01889-SMS (HC)<br><br>ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA |

      Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

      The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or  (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C.  § 1391(b).

      In this case, the petitioner is challenging a conviction from San Diego County, which is in the Southern District of California.  Therefore, the petition should have been filed in the United States District Court for the Southern District of California.  In the interest of justice, a federal court may

1 | transfer a case filed in the wrong district to the correct district.  <u>See</u> 28 U.S.C. § 1406(a); <u>Starnes v.</u>
2 | <u>McGuire</u>, 512 F.2d 918, 932 (D.C. Cir. 1974).
3 |   Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States
4 | District Court for the Southern District of California.
5 | IT IS SO ORDERED.
6 | **Dated:   October 30, 2009**　　　　　　　　　　**/s/ Sandra M. Snyder**
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

-2-